FILED ___ ENTERED
___ LOGGED ___ RECEIVED

APR 29 2011

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | |
| **STEVEN ANDRE FENWICK** | * | Crim. Nos.: PJM 03-0484 & PJM 04-0363 |
| **Defendant** | * | |

## MEMORANDUM OPINION

Defendant Steven Andre Fenwick has filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Paper No. 296],[1] in which he requests a reduction of his sentence pursuant to the adoption of Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels for certain cocaine base ("crack cocaine") offenses. For the reasons that follow, the Court will **GRANT IN PART AND DENY IN PART** Fenwick's Motion.

### I.

On August 3, 2004, in case number PJM 03-0484, Fenwick pled guilty to one count of conspiracy to distribute and possess with intent to distribute powder cocaine and crack cocaine, in violation of 21 U.S.C. § 846. On that same day, in case number PJM 04-0363, Fenwick pled guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

On February 21, 2007, during Fenwick's sentencing hearing, the Court adopted, without change, the factual findings and advisory guideline application in the Presentence Report prepared by U.S. Probation and Pretrial Services. On the drug conspiracy charge, the parties

---

[1] The Court's Memorandum Opinion addresses two separate cases in which Fenwick is a defendant—namely, PJM 03-0484 and PJM 04-0363. Except where otherwise noted, the Court's citations to specific docket entries refer to PJM 03-0484.

-1-

stipulated that Fenwick's crime involved 1.5 kilograms of crack cocaine, which—at the time—resulted in a base offense level of 38 under the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2006) (assigning a base offense level of 38 to federal drug crimes involving 1.5 kilograms or more of crack cocaine).[2] Fenwick received a two-level increase for his role as an organizer, leader, manager, or supervisor in the conspiracy, *see* U.S.S.G. § 3B1.1(c), resulting in an adjusted offense level of 40 on the drug conspiracy charge. On the money-laundering conspiracy charge, the parties stipulated that the value of the laundered funds exceeded $400,000, which resulted in a base offense level of 22 under the Sentencing Guidelines. *See* U.S.S.G. §§ 2S1.1(a)(2), 2B1.1(b)(1)(H). Fenwick received a two-level increase because his particular offense constituted a violation of 18 U.S.C. § 1956, *see* U.S.S.G. § 2S1.1(b)(2)(B), resulting in an adjusted offense level of 24 for the money-laundering crime. Because Fenwick's two offense levels were nine or more levels apart, the combined adjusted offense level remained at the level of the higher figure—namely, 40. *See* U.S.S.G. § 3D1.4(c). Fenwick then received a two-level reduction for acceptance of responsibility and a one-level reduction for timely notification of his intention to plead guilty, *see* U.S.S.G. § 3E1.1, which resulted in total combined offense level of 37.

At sentencing, the Court also applied a four-level downward departure from the Sentencing Guidelines for Fenwick's substantial assistance to the authorities, *see* U.S.S.G. § 5K1.1, resulting in a final combined offense level of 33. Ultimately, the Court sentenced

---

[2] As will be discussed in further detail *infra*, Amendment 706 to the Sentencing Guidelines, which took effect on November 1, 2007 and was applied retroactively on March 3, 2008, assigned a lower base offense level of 36 to federal drug crimes involving 1.5 to 4.5 kilograms of crack cocaine. *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amends. 706, 713 (2010). Recently, pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, the Sentencing Commission promulgated emergency amendments that assign an even lower base offense level of 34 to federal drug crimes involving 840 grams to 2.8 kilograms of crack cocaine. *See* Supp. to 2010 Guidelines Manual, Emergency Amend. to § 2D1.1(c)(3) (2010). However, the new emergency amendments, unlike Amendment 706, have yet to be applied retroactively.

Fenwick to 140 months of incarceration—a term of imprisonment near the bottom of the Sentencing Guidelines range for an offender with a criminal history category of I and a final combined offense level of 33. *See* U.S.S.G. ch. 5, pt. A, sentencing table (assigning a range of 135-168 months of imprisonment to an offender with a criminal history category of I and a combined offense level of 33). The sentence was nevertheless some 20 months more than the mandatory minimum of 120 months required for Fenwick's drug-related offense. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (requiring a mandatory minimum sentence of 10 years for offenses involving the distribution or possession with intent to distribute of certain quantities of crack cocaine).[3]

On October 27, 2008, Fenwick filed the instant Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), in which he argues that his sentence should be reduced because, under amendments to the Sentencing Guidelines promulgated in 2007 and 2008, his final combined offense level would now be two levels lower—i.e., 31—which corresponds with an imprisonment range of 108-135 months. *See* U.S.S.G. ch. 5, pt. A, sentencing table (assigning a range of 108-135 months of imprisonment to an offender with a criminal history category of I and a combined offense level of 31). Fenwick further argues that evidence of his rehabilitation— most notably his completion of several courses while incarcerated—justifies a reduction of his sentence to 108 months, at the very bottom of the revised Sentencing Guidelines range that he urges the Court to adopt.

While the Government has conceded from the beginning that Fenwick is eligible for a two-level reduction of his offense level on the drug conspiracy count, it initially argued that such a reduction would have no effect on his overall term of imprisonment because Fenwick's 140-

---

[3] Because the bottom of Fenwick's applicable Sentencing Guidelines range (135 months) exceeded the applicable mandatory minimum sentence (120 months), the Court imposed Fenwick's sentence under the Guidelines range. *See* U.S.S.G. § 5G1.1.

month sentence applies with equal force to his money-laundering conviction.[4] The Government has since abandoned that position, however, and no longer opposes a reduction in Fenwick's sentence. Neither party, however, has fully briefed the question of how the 120-month mandatory minimum on Fenwick's drug charge should affect any reduction in his 140-month sentence.

## II.

On May 1, 2007, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. That Amendment, addressing crack cocaine-related drug offenses, reduced by two levels the base offense level assigned to each threshold quantity of crack listed in the Guidelines' Drug Quantity Table. *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amend. 706 (2010).[5] Thereafter, the Commission made Amendment 706 retroactive, effective March 3, 2008. *See* U.S. Sentencing Guidelines Manual Supp. to App. C, Amend. 713 (2010).

Pursuant to 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. 18 U.S.C. § 3582(c)(2). Upon consideration of such a motion, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that

---

[4] As demonstrated *supra*, and as noted in Fenwick's response to the Government's initial position, the money-laundering offense level (24) did not increase Fenwick's combined adjusted offense level because the offense level of the closely related drug offense (40) was nine or more levels higher. *See* U.S.S.G. § 3D1.4(c). After a two-level reduction in Fenwick's drug offense level (from 40 to 38), the levels would still be more than nine levels apart, and the money-laundering offense would therefore still not serve to increase Fenwick's combined adjusted offense level, which would be 38 (before reductions for acceptance of responsibility, timely notification of intention to plead guilty, and substantial assistance to the authorities). In other words, the Government's initial argument that a two-level reduction would have no bearing on the re-calculation of Fenwick's Sentencing Guidelines imprisonment range is without merit.

[5] Prior to Amendment 706, there was a 100-to-1 disparity between crack and powder cocaine offenses, resulting in sentences for crack offenses three to six times longer than for cocaine offenses involving equal amounts of drugs. Amendment 706 sought to remedy this disparity by lowering the 100:1 ratio. *United States v. Munn*, 595 F.3d 183, 186 n.5 (4th Cir. 2010).

they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Thus, the Sentencing Commission's retroactive application of Amendment 706, combined with the statutory authority granted in 18 U.S.C. § 3582(c)(2), permits a court to reduce a crack cocaine sentence issued prior to the Amendment, provided the Court gives ample consideration to the § 3553(a) sentencing factors and the policy statements issued by the Sentencing Commission in support of the Amendment. Among the policy statements that the Court must consider when ruling on a motion to reduce a crack cocaine sentence is the Sentencing Commission's admonition that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).[6]

With respect to mandatory minimum sentences, where a statutorily required minimum sentence is greater than the bottom of the amended guidelines range but below the top of the amended guidelines range, the Sentencing Guidelines advise that the court may impose a "sentence . . . at any point within the applicable guideline range, provided that the sentence—(1) is not greater than [any] statutorily authorized maximum sentence, and (2) is not less than [the] statutorily required minimum sentence." U.S.S.G. § 5G1.1(c).

Ultimately, the decision of whether an eligible defendant's motion to reduce a sentence under § 3582(c)(2) should be granted is left to the Court's discretion. *See Dillon*, 130 S. Ct. at 2692; *United States v. Goines*, 357 F.3d 469, 478 (4th Cir. 2004).

---

[6] Section 1B1.10(b)(2) of the Sentencing Guidelines requires that, in general, a "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). The Supreme Court has held that the requirements of § 1B1.10(b) are mandatory. *See Dillon v. United States*, 130 S. Ct. 2683, 2692-94 (2010).

## III.

As noted *supra*, and as the Government concedes, if Amendment 706 had been in effect at the time Fenwick was sentenced, his final combined offense level would have been 31,[7] which corresponds with an imprisonment range of 108-135 months. *See* U.S.S.G. ch. 5, pt. A, sentencing table. Given this, given that Fenwick's sentence was imposed under a then-applicable Guidelines range of 135-168 months, and given that the Court finds that the § 3553(a) sentencing factors counsel in favor of a sentence reduction,[8] the Court concludes that a reduction of Fenwick's sentence is appropriate under the circumstances.

That said, the Court cannot accept Fenwick's argument that his sentence should be reduced to 108 months—at the very bottom of the revised Sentencing Guidelines range and well below the prescribed mandatory minimum of 120 months. Where, as here, a statutorily required minimum sentence is greater than the bottom of the amended guidelines range but below the top of the amended guidelines range, the Sentencing Guidelines advise that the court may impose a "sentence . . . at any point within the applicable guideline range, provided that the sentence—(1) is not greater than [any] statutorily authorized maximum sentence, and (2) is not less than [the] statutorily required minimum sentence." U.S.S.G. § 5G1.1(c). Pursuant to this constraint, the Court concludes that it would be inappropriate to reduce Fenwick's sentence below 120 months.

---

[7] Fenwick's base offense level, for a crime involving 1.5 kilograms of crack cocaine, would have been 36. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(2) (2010). After a two-level increase for his role as an organizer, leader, manager, or supervisor in the drug conspiracy, *see* U.S.S.G. § 3B1.1(c), a decrease of three levels for acceptance of responsibility and timely notification of his intention to plead guilty, *see* U.S.S.G. § 3E1.1, and a four-level downward departure for providing substantial assistance to the authorities, *see* U.S.S.G. § 5K1.1, his final combined offense level would have been 31. As noted *supra*, the money laundering count would not have increased his overall score, since the adjusted offense level for that count (24) and the adjusted offense level for the drug conspiracy count (38) would have remained nine or more levels apart. *See* U.S.S.G. § 3D1.4(c).

[8] Having considered the factors promulgated in 18 U.S.C. 3553(a), especially "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. 3553(a)(6), the Court concludes that a sentence no greater than the mandatory minimum of 120 months would be "sufficient, but not greater than necessary, to comply with" Congress's stated purposes of sentencing, *see* 18 U.S.C. 3553(a).

Although it is true that a mandatory minimum sentence may be waived by reason of a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense," 28 U.S.C. § 994(n); 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1 cmt. n.1, the Court finds that Fenwick has already received the benefit of his substantial assistance in the form of the four-level downward departure that the Court applied at sentencing, and applies again here, pursuant to § 5K1.1. Absent application of the four-level downward departure, Fenwick's final combined offense level would now be 35, which corresponds with an imprisonment range of 168-210 months—well above the statutory 120-month minimum. *See* U.S.S.G. ch. 5, pt. A, sentencing table. Accordingly, the Court concludes that Fenwick's substantial assistance is more than accounted for in the Court's § 5K1.1 departure, making a further reduction below the mandatory minimum sentence inappropriate. The Court will thus reduce Fenwick's term of imprisonment from 140 months to 120 months, which is the mandatory minimum required for his drug-related offense. *See* 21 U.S.C. § 841(b)(1)(A)(iii). All other aspects of Fenwick's sentence, including his five-year term of supervised release, will remain as originally imposed.

## IV.

For the foregoing reasons, Fenwick's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Paper No. 296] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** insofar as the Court will reduce Fenwick's term of imprisonment from 140 months to 120 months in case number PJM 03-0484 and in case number PJM 04-0363. The Motion is **DENIED** in all other respects.

Separate Orders will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 28, 2011